# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPIRITBANK, <br> an Oklahoma Banking Corporation, <br> <br> v. <br> <br> GARY McCARTY, CATHERINE <br> McCARTY, and, SECURITIES <br> MANAGEMENT AND RESEARCH, INC., <br> <br> **Defendants.** | ) <br> ) <br> ) <br> ) Case No. 08-CV-675-CVE-PJC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

THIS MATTER COMES before the Court on the Motion to Quash of Defendants Gary and Catherine McCarty (together, "the McCARTYs"). [Dkt. No. 21]. For the reasons set forth below, the Motion to Quash is **DENIED**.

### *Factual Background*

Plaintiff filed this case in the District Court for Tulsa County, Oklahoma, on October 17, 2008. *Spiritbank v. Gary and Catherine McCarthy (sic), Securities Management and Research, Inc.*, No. CJ-2008-07310. Summonses were issued the same day for all three Defendants. On Oct. 23, 2008, Defendant Securities Management and Research, Inc. ("SMRI") was served by certified mail. On Nov. 17, 2008, SMRI removed the case to this Court. At that time, the McCARTYs had not yet been served with the Summons issued by Tulsa County District Court. The McCARTYs were personally served on February 11, 2009, at their home in Texas.[1]

---

[1] The Court notes that since this case was removed process has been re-issued – but not yet returned – for Defendants Gary and Catherine McCarty under the Federal Rules of Civil Procedure. [Dkt. No. 31].

### *Legal Issue Presented*

The issue presented is what is the legal effect of Summonses issued for the McCARTYs by the state court, but not served until after the case was removed to federal court. The McCARTYs argue that once the case was removed, Tulsa County District Court lost jurisdiction in the matter and service had to be obtained under the Federal Rules of Civil Procedure – that is, that new process had to be issued out of this Court. Plaintiff Spiritbank contends that the Federal Rules of Civil Procedure allow the completion of service under the state procedure in such an instance as this.

### *Legal Principles*

Federal law addresses the specific issue presented here:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C.A. § 1448.

The statute addresses three scenarios: (1) process is issued by the state court but a defendant is not served prior to removal; (2) process is served on a defendant but is not perfected prior to removal; and, (3) process is served but later found to be defective. Scenario (1) is our situation here. Although summonses were issued for the McCartys on Oct. 17, 2008, they were not served before SMRI removed the case to federal court. In any of the situations described above, the statute provides that process "may be completed or new process issued in the same manner as in cases originally filed in such district court."

Although there is some disagreement among courts over this issue, the majority view appears to favor allowing service of process to be completed under state law where process was issued but not served prior to removal. In *Schmude v. Sheahan*, 214 F.R.D. 487 (N.D.Ill. 2003), the Court described these options for a party seeking to serve defendants after removal:

> After removal, a plaintiff has two options for providing service of process: (1) service pursuant to [Federal Rule of Civil Procedure] 4; or (2) service pursuant to state court rules *if the plaintiff commenced such service prior to the removal.*

*Id.* at 490 (emphasis added).

In so holding, the *Schmude* court rejected a contrary interpretation of the law presented in *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). There the court held that following removal, jurisdiction lies solely with the federal district court. "If … the defendant has not been served at all, the state court never acquires jurisdiction over him." *Id.* "[W]here the defendant has never been put on notice of the state court proceeding prior to removal … the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Id.* *See also*, *Bruley v. Lincoln Property Company, N.C., Inc.*, 140 F.R.D. 452, 453-54 (D. Colo. 1991).

Other courts have specifically rejected the *Beecher* analysis. In *Listle v. Milwaukee County*, 926 F. Supp. 826 (E.D. Wis. 1996), the court found that *Beecher's* interpretation of section 1448 "gives no meaning to the phrase of the statute allowing 'completion' of unperfected or defective process or service", *id.* at 827, and "improperly elevates form over substance." *Id. Continental Ill. National Bank and Trust Company of*

3

*Chicago v. Protos Shipping, Inc.*, 472 F. Supp. 979, 982-83 (N.D. Ill. 1979) rejected *Beecher* on similar grounds.

After reviewing these cases, the Court finds that the better view is expressed in *Schmude*, *Listle* and *Protos*. Service commences when a Summons is issued. *Schmude*, 214 F.R.D. at 490. (concluding that for purposes of sec. 1448, service of process commenced on the day the Summons was issued.)

Where, as here, a defendant removes a case to federal court before a co-defendant has been served with state court process, section 1448 permits service to be "completed." This clearly indicates completion of the state procedure for service. In the event there is any problem with service under the state procedure, the federal court has the power to order the plaintiff to perfect service in accordance with the Federal Rules of Civil Procedure. *See*, *Jackson v. Southeastern Pennsylvania Transportation Authority*, 727 F. Supp. 965, 967 (E.D.Pa. 1990). In this case, service was completed on Feb. 11, 2009, when the McCARTYs were personally served in Texas pursuant to the Oklahoma long-arm statute.

ACCORDINGLY, Defendants' Motion to Quash [Dkt. No. 21] is **DENIED**.

DATED this 22nd day of April 2009.

_____
Paul J. Cleary
United States Magistrate Judge