# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPIRITBANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0675-CVE-PJC |
| ) | |
| GARY McCARTY, CATHERINE ) | |
| McCARTY, and SECURITIES ) | |
| MANAGEMENT AND RESEARCH ) | |
| INC., ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Defendant Gary and Catherine McCarty's Motion to Dismiss and Incorporated Brief in Support Thereof (Dkt. # 22).[1] Defendants assert that the issues raised in this case are also the subject of a separate state court lawsuit, and this case should be dismissed in the interests of judicial economy.

Plaintiff alleges that defendants Gary and Catherine McCarty granted SpiritBank a security interest of $100,000 in an account referred to as the Security Management and Research, Inc. Equity Income Mutual Fund Account (the Account) to secure a $400,000 loan between Tulsa JV One, LLC (Tulsa JV One) and SpiritBank. Tulsa JV One defaulted on the loan and SpiritBank filed a lawsuit in the District Court of Tulsa County, Oklahoma, SpiritBank v. Tulsa JV One, LLC et al., Case No. CJ-2007-4087, seeking to collect the loan and enforce its security agreement with the McCartys. The McCartys entered a settlement agreement with SpiritBank on February 8, 2008. As part of the

---

[1] In the same filing, defendants also moved to quash summonses issued by the District Court of Tulsa County before this case was removed to federal court. Dkt. # 21. That motion was referred to the magistrate judge, and he entered an opinion and order (Dkt. # 33) denying the motion.

settlement agreement, the McCartys agreed to sign and deliver to Spiritbank a security interest in the Account, and the McCartys also agreed that the prior security agreement would remain in effect. Dkt. # 2-2, at 2. Plaintiff alleges that the McCartys did not comply with their obligations under the security agreement, and it attempted to enforce its security interest in the Account. The McCartys refused to liquidate the Account and Security Management and Research, Inc. (SMRI) would not release funds to SpiritBank without a court order. SpiritBank filed a motion to enforce the settlement agreement in the state court lawsuit and, on September 3, 2008, the state court entered an order requiring SMRI to pay SpiritBank $100,000 from the Account. Dkt. # 23, Ex. 3. Plaintiff alleges that it presented the order to SMRI, but the McCartys had already liquidated the Account.

Plaintiff filed this lawsuit in the District County of Tulsa Court on October 17, 2008 alleging claims of breach of security agreement, fraud, constructive fraud, false representation, unjust enrichment, and constructive trust and accounting against the McCartys and a claim alleging violation of a security interest against SMRI. SMRI removed the case to federal court.[2] The McCartys filed a motion to dismiss based on the existence of a previous state court lawsuit involving similar subject matter.

---

[2] The Court notes that the notice of removal was defective, because all defendants did not consent to the removal. Cornwall v. Robinson, 654 F.2d 685 (10th Cir. 1981). However, this is a procedural defect under the removal statutes and plaintiff did not file a motion to remand. As this issue does not affect the Court's subject matter jurisdiction over the case, the Court may not sua sponte remand the case to state court based on SMRI's failure to obtain the consent of all defendants before removing this case to federal court. See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp, 98 Fed. Appx. 752 (10th Cir. Apr. 16, 2004) ("the lack of unanimous consent is a procedural defect, not a jurisdictional defect); Smith v. Smart Buy Homes, 2008 WL 5122840, *2 (W.D. Okla. Dec. 4, 2008) (the failure to join all defendants in the notice of removal is a procedural defect that does not deprive the court of subject matter jurisdiction); NPI, Inc. v. Pagoda Ventures, Ltd., 2008 WL 3387467, *3 (N.D. Okla. Aug. 8, 2008) (lack of unanimity in notice of removal is a procedural defect).

Defendants' argument consists of four short sentences and they cite no facts or legal authority supporting their argument for dismissal or abstention. As a general rule, parallel proceedings in a state court do not permit a federal court to dismiss or abstain from exercising jurisdiction to decide a case before it. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). "Abstention rarely should be invoked, because the federal courts have a 'vitually unflagging obligation . . . to exercise the jurisdiction given them." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996); Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992). However, the Supreme Court has recognized several circumstances when federal courts should stay or dismiss a case to avoid interfering with parallel state court proceedings. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). For example, a federal court should abstain to avoid ruling on unclear state law, Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), or to prevent interference with a complex state administrative proceeding, Burford v. Sun Oil Co., 319 U.S. 315 (1943). In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court clarified that abstention was not proper in most cases where a state court proceeding was potentially duplicative of a federal case and noted four factors to guide federal courts when deciding whether to proceed or abstain: (1) the risk of adjudicating rights to the same property; (2) the inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; and (4) the order which jurisdiction was obtained by the state and federal courts. Id. at 818.

In this case, it appears that the state court case to which defendants refer is closed, and no action has been taken in that case since the state court entered an order to enforce a settlement agreement on September 3, 2008. See Dkt. # 23, Ex. 2 (docket sheet from state court lawsuit). Plaintiff alleges that defendants have acted in direct contravention of the state court's order by

3

liquidating the account from which plaintiff was to be paid to enforce the settlement agreement. While plaintiff may have been able to pursue additional remedies to enforce the settlement agreement in state court, plaintiff has elected to file a separate lawsuit to enforce its rights under the settlement agreement and this is a permissible course of action. It should also be noted that plaintiff filed this case in state court and defendants, either purposefully or by lack of objection, have consented to removal. Thus, it was defendants, not plaintiff, who created any conflict between state and federal courts. The mere fact that the same parties were previously involved in a state court lawsuit involving similar subject matter does not require this Court to dismiss this case or stay these proceedings. Although defendants allege that this Court will be "duplicat[ing] the efforts" of the state court, they have cited no facts supporting this assertion. Dkt. # 23, at 2. Therefore, the Court finds no reason to abstain from hearing this case, and defendant's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant Gary and Catherine McCarty's Motion to Dismiss and Incorporated Brief in Support Thereof (Dkt. # 22) is **denied**.

**DATED** this 8th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT